# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THADDEUS M. LIETZ,
        Plaintiff,

     v.                                      Case No. 12-CV-00006

MICHAEL DITTMANN, et al.,
        Defendant.

## DECISION AND ORDER

Plaintiff, Thaddeus M. Lietz, filed a pro se complaint under 42 U.S.C. § 1983 and paid the full filing fee. He consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis. 2010). In an order dated January 26, 2012, United States Magistrate Judge Aaron E. Goodstein screened plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a), and gave plaintiff an opportunity to file an amended complaint to provide further detail, if possible, regarding his access to the courts claim.

Although Judge Goodstein's order did not direct service on defendants, they received notice of this case as a result of an informal service agreement between the Wisconsin Department of Justice and this court. Defendants filed a notice of appearance, an acceptance of service, and a refusal to consent to proceed before a U.S. Magistrate Judge. Due to the non-consent of defendants, this case was randomly reassigned to me on February 1, 2012. Plaintiff then filed two motions to dismiss defendants' refusal to consent. He also filed an amended complaint on February 21, 2012, which is before me for screening.

Before screening plaintiff's amended complaint, I will address plaintiff's motions to dismiss defendants' filings. In his first motion, plaintiff objected to defendants' refusal to consent to magistrate jurisdiction because they had not filed it within twenty-one days of the date when it was served. However, only plaintiff was served with the consent form on that date, and the deadline set forth in the consent form is not binding.

In his second motion, plaintiff makes the same general argument:

> Due to the fact that the consent/refusal form was received by Defendant(s) as well as Plaintiff on Jan. 6, 2012 or earlier; it is deemed past deadline of 21 days after receiving receipt. Twenty-one days ended on January 27, 2012 and Defendant(s)' counsel filed late on January 31, 2012.

(2nd Mot. to Deny Defs.' Refusal of U.S. Magistrate A.E. Goodstein, ECF No. 9.) Plaintiff also argues that he did not stipulate to a change of venue.

The reassignment of this case to me is not a change of venue. Magistrate judges may only hear cases in which the parties consent to their jurisdiction. See 28 U.S.C. § 636. Also, given defendants' desire to refuse to consent, the reassignment of this case would have happened eventually. Even if defendants had waited until after the magistrate judge screened plaintiff's amended complaint, they would have then filed their refusal to jurisdiction by U.S. magistrate judge, and the case would have been randomly reassigned. Although defendants were not officially served under the memorandum of understanding, defendants have made the court aware of their refusal to consent to magistrate jurisdiction. The court will respect their refusal, and this case will stay before me.

I will now screen plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a). On October 17, 2011, while incarcerated at Redgranite Correctional Institution ("Redgranite"), plaintiff was completing a two page brief that included an affidavit for his

2

Case 2:12-cv-00006-LA    Filed 03/21/12    Page 2 of 5    Document 13

postconviction motions in his criminal case. According to plaintiff's amended complaint, defendant Ms. Powless, a librarian at Redgranite, has a rule that an inmate may not assist another person in legal work on the computer. That day, Ms. Powless assumed plaintiff was disobeying her rule and destroyed plaintiff's brief. Plaintiff filed an inmate complaint regarding Ms. Powless' actions. Plaintiff was not assisting another inmate; he was working on his own brief. The destruction of his brief, an appendix for his postconviction motion, destroyed plaintiff's ability to show documentation necessary for the judge to allow an oral hearing on his postconviction motion. As a result, the postconviction motion and request for temporary relief were denied.

On October 25, 2011, defendant Captain Chojnacki met with plaintiff and advised him that Ms. Powless was going to file a conduct report unless plaintiff dropped his inmate complaint against her. Ms. Powless filed a conduct report against plaintiff later the same day. Plaintiff filed an inmate complaint regarding Captain Chojnacki's actions, and Captain Chojnacki filed a conduct report against plaintiff on November 17, 2011. On December 18, 2011, plaintiff wrote a letter to defendants Warden Michael Dittmann, Deputy Warden Eckstien, and Captain Chojnacki about the conduct.

Defendant Kelly Mueske was the hearing officer for plaintiff's amended disciplinary hearing on November 15, 2011. According to plaintiff, Mueske was aware of the lack of physical evidence to support Ms. Powless' claim. Mueske nevertheless upheld the conduct report and imposed a sanction of a thirty day loss of library privileges, which included plaintiff's access to the law library. Plaintiff's lack of access to the law library was a contributing factor in plaintiff's postconviction motion being denied and in judgment being entered against plaintiff in Waushara County Case No. 2011SC000495.

3

Case 2:12-cv-00006-LA   Filed 03/21/12   Page 3 of 5   Document 13

Plaintiff may proceed on retaliation claims against defendants Powless, Chojnacki, Mueske, Dittmann, and Eckstein. See Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); Walker v. Thompson, 288 F.3d 1005, 1012 (7th Cir. 2002). He also has stated access to the courts claims against defendants Powless and Mueske. See Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003).

Although plaintiff refers to the Eighth Amendment multiple times, his complaint does not state an eighth amendment claim. To make out an Eighth Amendment claim, an inmate must show that prison officials acted with deliberate indifference and inflicted an objectively serious injury on the inmate. Farmer v. Brennan, 511 U.S. 825, 834 (1994). An objectively serious injury is one that deprives the inmate of "the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to dismiss defendants' notice of appearance, acceptance of service, and refusal to consent to proceed before a U.S. Magistrate Judge [DOCKET #8] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to deny defendants' refusal of U.S. Magistrate A.E. Goodstein [DOCKET #9] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined

Dated at Milwaukee, Wisconsin, this 21st day of March 2012.

s/_____
LYNN ADELMAN
District Judge