# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THADDEUS M. LIETZ,
  Plaintiff,

  v.              Case No. 12-CV-00006

MICHAEL DITTMANN, SCOTT ECKSTEIN,
CAPTAIN CHOJNACKI, MS. POWLESS, and
KELLY MUESKE,
  Defendants.

## ORDER

  One September 24, 2012, plaintiff filed a motion for discovery, motion for subpoenas, and motion of execution to obtain. On November 6, 2012, I ordered defendants to respond to these motions, which they did on November 7, 2012. Defendants provided all of the documents sought that were within their control. To the extent plaintiff wanted records subpoenaed from other people or entities, he must do so himself, following the procedures outlined in the Federal Rules of Civil Procedure. It is not defendants' responsibility to do plaintiff's discovery for him; nor is it the court's.

  Similarly, plaintiff's demand for discovery and request for additional discovery asking the court to subpoena certain individuals, both filed November 1, 2012, also will be denied. Plaintiff may have made the demand for discovery because he has seen similar requests in criminal cases, but the discovery process is different in civil cases. Additionally, plaintiff did not specify whether he wanted the individuals listed in his "Additional Discovery" document subpoenaed for depositions or for trial. Either way, the court does not issue subpoenas for depositions and it is too early to identify witnesses for trial.

  On December 20, 2012, plaintiff filed a reply to defendants' motion for summary judgment (which was filed November 1, 2012) and counter motion for plaintiff's motion for

summary judgment. Plaintiff's submission does not comply with Federal Rule of Civil Procedure 56 or Civil Local Rule 56(b) (E.D. Wis.), and it is not supported by admissible evidence. For those reasons, I will deny plaintiff's motion. I will provide plaintiff with a new deadline to file an appropriate response to defendants' motion for summary judgment. Plaintiff should carefully review the applicable rules, which defendants provided to him when they filed their motion. He should respond to each of defendants' proposed findings of fact (Docket #89), submit any additional facts, and include references to evidence in the record. Any evidence plaintiff relies on should be submitted as or attached to a sworn affidavit or declaration. See 28 U.S.C. § 1746.

Finally, plaintiff filed a motion to compel on January 24, 2013, asking for a status update on pending motions. I will deny this request as moot because this order provides the information plaintiff seeks.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for discovery, motion of subpoenas, and motion of execution to obtain (Docket #23) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's demand for discovery (Docket #34) and request for additional discovery asking the court to subpoena certain individuals (Docket #35) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's counter motion for summary judgment (Docket #38) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a status update (Docket #39) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff shall file his response to defendants' motion for summary judgment on or before **Friday, May 3, 2013**. Failure to file a response by that date may result in dismissal of this action.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2013.

        s/ Lynn Adelman
_____
        LYNN ADELMAN
        District Judge